25CA1372 Eaves v Stancil 07-30-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1372
El Paso County District Court No. 25CV131
Honorable Gregory R. Werner, Judge

---

Rodney Douglas Eaves

Plaintiff-Appellant,

v.

Moses Andre Stancil, as executive director of the Colorado Department of Corrections,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUSTICE MARTINEZ*
Johnson and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 30, 2026

---

Rodney Douglas Eaves, Pro Se

Philip J. Weiser, Attorney General, Ann Stanton, Senior Assistant Attorney General, Denver, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Plaintiff, Rodney Douglas Eaves, appeals the district court's order dismissing his C.R.C.P. 106(a)(2) petition for writ of mandamus under C.R.C.P. 12(b)(5) for failure to state a claim for relief. We affirm the judgment.

## I.     Background

¶ 2     Eaves is a pro se inmate currently incarcerated within the Colorado Department of Corrections (CDOC). In March 2025, Eaves filed a petition to compel action for mandamus relief under Rule 106(a)(2) using Judicial Department Form (JDF) 662, seeking to compel defendant, Moses Andre Stancil, CDOC's Executive Director, to (1) provide Eaves a copy of his legal mail; (2) allow Eaves to attend and participate in any of his classification hearings; and (3) order compliance with CDOC's Legal Access Program Word Processing Rules Agreement. Eaves argued that Stancil had a duty under section 17-1-103(1), C.R.S. 2025, to enforce CDOC Administrative Regulations 300-38(IV)(C)(9)(d)(12), 600-01(IV)(F), and 750-01(IV)(E)(6) to perform these actions. Eaves requested a hearing and $33,824 in monetary damages. Eaves argued that he was owed damages because the Sterling Correctional Facility's Inspector General destroyed his legal mail without authorization,

1

denying him access to the court system, due process protections and rehabilitation opportunities. Eaves also argued that he suffered a noneconomic loss pursuant to section 13-21-102.5(3)(a), C.R.S. 2025.

¶ 3 Stancil filed a motion to dismiss pursuant to Rule 12(b)(5). Stancil argued that Eaves's assertions were incomplete and conclusory, they failed to demonstrate that Eaves had a clear right to relief or that Stancil had a clear legal duty to perform the requested actions, and Eaves could not obtain mandamus relief to enforce generalized duties or control and regulate an official's conduct.

¶ 4 In his response, Eaves opposed the motion to dismiss, arguing that JDF 662 is a fill-in-the blank form that fully complies with C.R.C.P. 8(a) and only required Eaves to identify (1) the name and address of the respondent; (2) the compelled actions; and (3) what authority the actions are compelled by. Eaves also stated that if the district court determined that his petition was deficient, he would move for leave to amend his petition.

¶ 5 The district court granted Stancil's motion to dismiss pursuant to Rule 12(b)(5), finding that Eaves's petition failed to set

forth specific allegations showing he was entitled to mandamus relief. The court made the following findings:

- CDOC Administrative Regulation 300-38(IV)(C)(9)(d)(12) states that if the Inspector General suspects an article of incoming mail contains contraband and/or a restricted substance, the article of mail will be photocopied, and the photocopy will be delivered to the offender. Eaves did not provide any allegations about when his mail was seized, the subject of the mail other than it was from the United States Supreme Court, or when it arrived at the Sterling facility. Without this information, the court stated that it could not enter an order directing Stancil to deliver Eaves a photocopy of the mail.

- CDOC Administrative Regulation 600-01(IV)(F), on which Eaves relies, encourages diagnostic programmers, case managers, and parole officers to "actively engage offenders in the classification planning process through personal interviews." However, nothing mandates that an offender is entitled to attend any classification review. Eaves provided no allegations regarding when he was

3

denied a requested appearance, what the topic of the reclassification was, and what the outcome of the reclassification was.

- CDOC Administrative Regulation 750-01(IV)(F) states that inmates will have access to computers to conduct legal research and prepare legal documents. Eaves's petition contained no allegations regarding when he was denied access to computers or what the research may have involved. Further, subparagraph (1) of the regulation, which Eaves cites, states, "Offenders utilizing Legal Access Program computer data processing services to prepare legal documents will be required to review, sign and comply with . . . [the] Legal Access Program Word Processing Rules Agreement." This requires Eaves to sign the Agreement and is not a requirement of the CDOC.

¶ 6    On appeal, Eaves contends that the district court erred by (1) dismissing his mandamus petition and (2) not granting Eaves leave to amend his petition.

4

## II. Rule 12(b)(5)

¶ 7     Eaves contends that the district court erroneously dismissed his petition for mandamus. We disagree.

### A. Standard of Review and Applicable Law

¶ 8     "We review a trial court's ruling on a motion to dismiss de novo, 'applying the same standards as the trial court.'" *Sch. Dist. No. 1 v. Masters*, 2018 CO 18, ¶ 13 (quoting *Bly v. Story*, 241 P.3d 529, 533 (Colo. 2010)). We must "accept all allegations of material fact as true and view the allegations in the light most favorable to the plaintiff." *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 665 (Colo. 1999). "Dismissal is proper when the plaintiff's factual allegations cannot support a claim as a matter of law." *Graham v. Maketa*, 227 P.3d 516, 518 (Colo. App. 2010).

¶ 9     "Mandamus is an extraordinary remedy which may be used to compel performance by public officials of a plain legal duty devolving upon them by virtue of their office or which the law enjoins as a duty resulting from the office." *Sherman v. City of Colo. Springs Plan. Comm'n*, 763 P.2d 292, 295 (Colo. 1988)). "While mandamus is available to compel the performance of 'a purely ministerial duty involving no discretionary right' and requiring no

'exercise of judgment,' it is not available to compel the performance of a task that 'is discretionary or involves the exercise of judgment.'" *Owens v. Carlson*, 2022 CO 33, ¶ 21 (quoting *Bd. of Cnty. Comm'rs v. Cnty. Rd. Users Ass'n*, 11 P.3d 432, 437 (Colo. 2000)). "The power of the courts to order executive agencies to take any action is extremely limited." *Jones v. Colo. State Bd. of Chiropractic Exam'rs*, 874 P.2d 493, 494 (Colo. App. 1994). A court will only grant mandamus relief if the plaintiff satisfies all three parts of the applicable test: (1) the "plaintiff must have a clear right to the relief sought"; (2) the "defendant must have a clear duty to perform the act requested"; and (3) "there must be no other available remedy." *Gramiger v. Crowley*, 660 P.2d 1279, 1281 (Colo. 1983).

¶ 10　　Because Eaves is pro se, we liberally construe his filings and seek to effectuate the substance, rather than the form, of his pleadings. *See Gandy v. Williams*, 2019 COA 118, ¶ 8. However, pro se parties are "bound by the same rules of civil procedure as attorneys licensed to practice law." *Negron v. Golder*, 111 P.3d 538, 540 (Colo. App. 2004).

## B. Analysis

¶ 11 We conclude that the district court properly dismissed Eaves's petition because he failed to show that he was entitled to mandamus relief. As the district court found, Eaves failed to include facts concerning what occurred, when it occurred, or any outcome with respect to his three claims. Eaves did not allege facts showing that (1) he had a clear right to the relief he sought; (2) the CDOC had a clear duty to perform the acts requested; and (3) no other adequate remedy was available. *See Gramiger*, 660 P.2d at 1281. Accordingly, Eaves failed to show that he was entitled to mandamus relief.

¶ 12 Moreover, we disagree with Eaves's contention that the district court should not have dismissed his petition because he prepared it by filling out JDF 662 according to its directions. Just because the form did not explicitly instruct Eaves to state specific factual allegations in support of his claims does not mean he was not required to include them. Eaves was still required to satisfy the basic pleading requirements applicable to all civil actions. *See* C.R.C.P. 8(a) ("A pleading which sets forth a claim for a relief . . . shall contain . . . a short and plain statement of the claim showing

7

that the pleader is entitled to relief . . . [and] a demand for judgment for the relief to which the pleader claims to be entitled.").

¶ 13     Accordingly, we conclude that the district court properly dismissed Eaves's petition for mandamus.

### III.     Motion to Amend

¶ 14     Next, Eaves argues that the district court erred by not granting him leave to amend his petition. We disagree.

### A. Standard of Review and Applicable Law

¶ 15     We review a trial court's denial of a motion for leave to amend a pleading for abuse of discretion. *Gallegos Fam. Props., LLC v. Colo. Groundwater Comm'n*, 2017 CO 73, ¶ 37. "A court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair." *Sterenbuch v. Goss*, 266 P.3d 428, 440 (Colo. App. 2011).

¶ 16     C.R.C.P. 15(a) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is filed." Otherwise, a party may file an amended pleading only with leave of the trial court or written consent of the adverse party. *Id.* Leave shall be freely given when justice so requires. *Id.* A motion to dismiss is not a responsive pleading. *Schaden v. DIA Brewing Co.*, 2021 CO 4M, ¶ 36.

8

¶ 17     An issue is preserved for appeal when it is brought to the court's attention, and the court has an opportunity to rule on it. *In re Marriage of Turilli*, 2021 COA 151, ¶ 12. Unless the court orders otherwise, any motion involving a contested issue of law is to be made in writing and supported by legal authority. *See* C.R.C.P. 121, § 1-15(1)(a). "A motion shall not be included in a response or reply to the original motion." C.R.C.P. 121, § 1-15(1)(d).

## B. Analysis

¶ 18     We agree with Stancil that Eaves did not preserve his claim that the district court should have granted him leave to amend his petition. While we agree with Eaves that Stancil's motion to dismiss did not constitute a responsive pleading, Eaves's request for leave to file an amended complaint was made in a single sentence at the end of his response to Stancil's motion to dismiss. It did not constitute a motion. Eaves never filed an amended petition and never moved for leave to amend his petition. *See Patterson v. James*, 2018 COA 173, ¶ 10 (A plaintiff "[s]imply suggesting in other motions that [they] would amend [their] complaint if the court believed the complaint was unclear is not a motion for leave to amend."). Therefore, Eaves failed to present the issue to the district court for a

9

ruling and therefore did not preserve it for appeal. *See id.* at ¶ 11 ("'[I]t is incumbent on the moving party to see to it that the court rules on the matter [he] urges,' and if the party fails to do so, [the party] waives or abandons that argument on appeal." (quoting *Feldstein v. People*, 410 P.2d 188, 191 (Colo. 1966))).

¶ 19 Even so, addressing Eaves's contention on the merits, this court has held that requesting leave to amend solely in a response to a motion does not constitute a proper motion for leave to amend. *Patterson,* ¶¶ 9-10 ("Simply suggesting in other motions that [they] would amend [their] complaint if the court believed the complaint was unclear is not a motion for leave to amend.").

IV. Disposition

¶ 20 The judgment is affirmed.

JUDGE JOHNSON and JUDGE KUHN concur.